SHEDD, Circuit Judge,
dissenting:
When this case was first before us on the college newspapers’ facial challenge under Central Hudson Gas & Electric Corp. v. Public Service Commission of New York, 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980), we explained why 3 Va. Admin. Code § 5-20-40(A)(2) was a reasonable fit to Virginia’s interest in combating underage and abusive drinking on college campuses, see Educ. Media Co. at Va. Tech, Inc. v. Swecker, 602 F.3d 583, 590-91 (4th Cir.2010). The record, and my view of the regulation, have not changed.
Virginia has devised a comprehensive, multifaceted approach to combat what is acknowledged to be a serious problem-underage and abusive drinking, as well as the associated problems of increased fatal and nonfatal motor vehicle crashes, vandalism, suicide attempts, homicide, non-motor vehicle-related injuries, sexual violence, and unprotected sexual encounters. See J.A. 325. For example, officials at the University of Virginia have undertaken alcohol-education efforts aimed at first-year students, underage students, student athletes, fraternity and sorority members, and the University community in general. See J.A. 214-18, 239-44. Similar efforts have been made at Virginia Tech. See J.A. 115— 212.
This comprehensive plan adopted by Virginia only minimally impacts commercial speech by attempting to limit advertising aimed at a targeted market which includes a substantial percentage of readers for whom use of the product is illegal. Virginia’s approach does not prohibit all advertising for alcohol which will reach this audience; it is a minor limitation on such advertising in college newspapers as *303 part of a comprehensive plan to address a very serious problem.
Therefore, I believe that § 5-20-40(A)(2) is a reasonable fit to the state’s goal of reducing underage and abusive drinking. For these reasons, I respectfully dissent.